# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN TACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY CORRECTIONAL<br>FACILITY DENTAL SERVICES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01578-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 1) |

　　　Plaintiff Michael John Tack ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 14, 2006.

　　　Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

///

1  In this instance, plaintiff alleges in his complaint that although he filed an inmate appeal, the administrative remedy process was not completed because his did not pursue to his appeal to the second or third level of review. (Doc. 1, Comp., § I.) Plaintiff's asserted reason for this was because the damage had already been done. (Id.)

"[E]xhaustion is *mandatory* under the PLRA and . . . unexhausted claims *cannot* be brought in court." Jones v. Bock, Nos. 05-7058, 05-7142, 2007 WL 135890, at *8 (Jan. 22, 2007) (citing Porter, 435 U.S. at 524) (emphasis added). Because is it clear from the face of plaintiff's complaint that he did not exhaust his claim prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 7, 2007**               /s/ Sandra M. Snyder
icido3                             UNITED STATES MAGISTRATE JUDGE